UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DOUG KIZZIAH and wife SANDY :
KIZZIAH; LA-Z-BOY, INC., :
 :
    *Plaintiffs*, :
v. : No. 1:04-cv-374
 : *Lee*
FIRE MANAGEMENT SYSTEMS, and :
AIR SYSTEMS MANUFACTURING OF :
LENOIR, and CLARKE'S SHEET METAL,:
INC., and CLARKE'S ALLIED, INC., :
 :
    *Defendants*. :

## MEMORANDUM

**I.**     **Introduction**

Defendants Clarke's Sheet Metal, Inc. and Clarke's Allied, Inc. (collectively "CSMI") have filed a motion for a partial summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 24].[1] Plaintiffs Doug and Sandy Kizziah (collectively "the Kizziahs") have filed a response in opposition to CSMI's motion for a partial summary judgment [Doc. No. 26]. Intervenor plaintiff, La-Z-Boy, Inc. ("La-Z-Boy"), has not filed a separate response to CSMI's motion or sought an extension of time to do so.

On January 13, 2006, the court entered an order inviting the parties to file supplemental briefs solely addressing the following issue:

> Assuming *arguendo* Tenn. Code Ann. § 20-1-119 was triggered by the filing of FMS' answer (filed July 14, 2004), was the Kizziahs' amended complaint adding CSMI (filed October 21, 2004) filed

---

[1] In its motion for a partial summary judgment, CSMI states that although Clarke's International, Inc. has been named as a defendant, Clarke's International is not a corporate identity, it is a trade name [Doc. No. 24 at 1 n.1].

within the 90-day time frame contemplated in Tenn. Code Ann. § 20-1-119?

[Doc. No. 28]. Addressing the identified issue, the Kizziahs filed a supplemental brief on January 19, 2006 [Doc. No. 29], and CSMI filed a supplemental brief on January 20, 2006 [Doc. No. 32-1]. Consequently, CSMI's motion for a partial summary judgment is now ripe for review. For the reasons that follow, CSMI's motion for a partial summary judgment [Doc. No. 24] will be **GRANTED**.

## II.   Background

The Kizziahs filed their original complaint in the Circuit Court for Rhea County, Tennessee, on May 5, 2004 [Doc. No. 1-2]. Named as defendants in the Kizziahs' original complaint were Fire Management Systems ("FMS") and Air Systems Manufacturing of Lenoir ("ASML") [*id.*]. In their original complaint, the Kizziahs allege that on or about May 6, 2003, while working for his employer La-Z-Boy in Dayton, Tennessee, plaintiff Doug Kizziah sustained personal injuries as the result of dangerous and defective equipment *manufactured*, distributed, wholesaled, sold, and maintained by FMS and ASML [Doc. No. 1-2 at 1 (emphasis added)].

Specifically, the Kizziahs assert La-Z-Boy purchased a fire alarm system from FMS and an air flow system from ASML, both of which had been installed and were operational on May 6, 2003 [Doc. No. 1-2 at ¶ 7]. The Kizziahs assert that as Doug Kizziah was moving a wooden pallet from underneath a blower pipe which was part of the air flow system, the blower pipe broke loose due to the blower pipe having been improperly braced/installed/clamped and/or a malfunction in the fire alarm system which caused the blower pipe to fall [Doc. No. 1-2 at ¶ 8]. The Kizziahs allege the blower pipe fell approximately 15 feet, striking Doug Kizziah in the head and shoulder and knocking him unconscious [*id.*]. The Kizziahs allege Doug Kizziah suffered severe and permanent injuries,

including, but not limited to, a fractured vertebra at T7-T8, ulnar nerve damage, left arm and hand injury, concussion and other head injuries [*id.*]. In their original complaint, Doug Kizziah sought $835,000 from FMS and ASML for personal injuries and Sandy Kizziah sought $25,000 in damages for loss of consortium [Doc. No. 1-2 at 6-7]. CSMI are neither named as defendants nor mentioned in the Kizziahs' original complaint [Doc. No. 1-2].

On July 14, 2004, while this action was still pending in the Rhea County Circuit Court, FMS filed an answer to the Kizziahs' complaint [Doc. No. 1-4 at ¶ 3; Doc. No. 3]. FMS' answer to the Kizziahs' original complaint raises the affirmative defense of comparative fault [Doc. No. 3 at ¶ 20]; however, the answer does not attribute any such fault directly to CSMI or mention CSMI by name. In its answer to the complaint, FMS stated in pertinent part:

> 20. To the extent supported by investigation and discovery, the alleged injuries complained of in the complaint were caused directly and proximately by the acts of persons other than FMS and who are responsible, solely or in part, for any alleged damages caused thereby. As plaintiffs' injuries were caused by the acts of persons other than this defendant, the plaintiff should not be permitted to recover against this defendant. In the alternative, any recovery by plaintiff should be determined pursuant to the principles of comparative fault and apportionment of damages.

[Doc. No. 3 at ¶ 20]. FMS' answer also states "FMS admits it sells, distributes and installs fire alarm systems throughout the United States, including Tennessee. Moreover, FMS admits its customers may order products over the phone or by mail. FMS denies it manufactures fire alarm systems . . . ." [*id.* at ¶ 5]. The answer also states "FMS denies it manufactured any fire alarm systems for sale in the United States, including Tennessee." [*id.* at ¶ 6].

On or about September 3, 2004, while this action was still pending in the Rhea County Circuit Court, FMS filed its response to the Kizziahs' first set of interrogatories and request for

-3-

production of documents [Doc. No. 1-2 at 10-17]. FMS' response to interrogatories states in pertinent part:

> 3. Please provide the name and address of each person who prepared any specifications for the materials used in the manufacture of the fire alarm system in question which was installed at La-Z-Boy, Inc.
>
>    RESPONSE: . . . FMS states it did not install a fire alarm system at the La-Z-Boy, Inc. ("La-Z-Boy") facility. FMS installed an infrared spark detection and suppression system (the "System"). The components used in the System were pre-engineered and manufactured by Clarks International. FMS does not know the identity of any specific persons at Clarks International who prepared the specifications for the materials.
>
> . . .
>
> 15. Please state the name and address of each person who provided you with any of the materials and components to the fire alarm system installed at La-Z-Boy, Inc.
>
>     RESPONSE: FMS did not install a fire alarm system at the La-Z-Boy facility. FMS installed an infrared spark detection and suppression system. The components of the subject System were purchased from Clarks International.

[Doc. No. 1-2 at 11, 15].

Prior to removal, the Kizziahs filed a motion on October 4, 2004 in the Rhea County Circuit Court seeking to add CSMI as defendants [Doc. No. 32-1 at 4]. The Kizziahs did not serve their amended complaint on CSMI until October 21, 2004 [Doc. No. 4], and the Rhea County Circuit Court did not enter an order allowing the filing of the Kizziahs' amended complaint until December 1, 2004, after this action had been removed on November 29, 2004 [Doc. Nos. 1, 32-1 at 4, 32-3].

CSMI are named as defendants in the Kizziahs' amended complaint. With respect to CSMI, the amended complaint alleges in pertinent part:

-4-

> 5. The Defendants, Clarke's Sheet Metal, Inc., Clarke's International, Inc., and Clarke's Allied, Inc., regularly do business in the State of Tennessee by providing component parts for infrared spark detection and suppression systems for use and installation in manufacturing companies and other businesses within the state of Tennessee. One of the business purposes of these Defendants is to manufacture, sell, distribute and installation of infrared spark detection and suppression systems throughout the United States and particularly in the state of Tennessee.
>
> . . .
>
> 7. Plaintiff's employer, La-Z-Boy, Inc., a furniture manufacturing company in Dayton, Rhea County, Tennessee, having previously responded to advertisement by Defendants, had purchased a fire alarm system from Defendant Fire Management System and an air flow system from Defendant Air Systems Manufacturing of Lenoir, and/or an infrared spark detection and suppression systems from Clarke's Sheet Metal, Inc., Clarke's International, Inc., and Clarke's Allied, Inc., and all systems were in place and operating at the La-Z-Boy, Inc. plant in Dayton, Rhea County, Tennessee on or about May 6, 2003.

[Doc. No. 4 at ¶¶ 5-7].

On November 29, 2004, defendants, FMS, ASML, and CSMI removed this action from the Rhea County Circuit Court to this court pursuant to 28 U.S.C. § 1441 [Doc. No. 1-1].[2] CSMI filed its answer to the Kizziahs' amended complaint on December 6, 2004 [Doc. No. 6]. On February 23, 2005, ASML filed its answer [Doc. No. 8].

### III. CSMI's Partial Summary Judgment Motion

---

[2] In addition, while this action was pending in the Rhea County Circuit Court, La-Z-Boy was permitted to intervene as a party plaintiff pursuant to an agreed order of the parties which was entered by the state court [Doc. No. 5].

CSMI moves for a partial summary judgment against the Kizziahs on the ground that the Kizziahs' causes of action against CSMI for negligence, misrepresentation, and negligence *per se* are barred by the one-year statute of limitations for personal injury actions under Tenn. Code Ann. § 28-3-104(a)(1) [Doc. No. 25-1 at 4]. CSMI contends that the injuries giving rise to the Kizziahs' cause of action occurred on May 6, 2003; but, because the Kizziahs did not sue CSMI until October 21, 2004 when they filed their amended complaint, their causes of action for negligence, misrepresentation, and negligence *per se* are barred by the applicable statute of limitations [*id.* at 4-5].

CSMI further contends that Tenn. Code Ann. § 20-1-119 does not apply in this action to extend the statute of limitations [*id.*]. CSMI argues that in order for Tenn. Code Ann. § 20-1-119 to apply and extend the statute of limitations, a defendant must specifically attribute fault to a non-party in an answer or amended answer [*id.* at 6]. CSMI states that "neither FMS nor [ASML] have attributed any fault to [CSMI] in their answers or any other pleadings with the Court" [*id.*].

Finally, CSMI contends that neither Fed. R. Civ. P. 15(c) nor Tenn. R. Civ. P. 15.03, which govern the relation back of amendments, applies to extend the one-year statute of limitations [*id.* at 7-8]. CSMI avers that it did not receive notice of the Kizziahs' action until it was served with the amended complaint on October 29, 2004, well after the filing of the original complaint on May 5, 2004. CSMI alleges that because it did not receive actual notice of the Kizziahs' action until more than 120 days after the commencement of the action, neither Tenn. R. Civ. P. 15.03 nor Fed. R. Civ. P. 15(c) apply [*id.*].

The Kizziahs assert the provisions of Tenn. Code Ann. § 20-1-119 have been triggered because both FMS and ASML denied manufacturing the fire alarm system and invoked the defense

of contributory negligence in their answers [Doc. No. 26-1 at 6]. Further, the Kizziahs assert they did not learn CSMI was the manufacturer of the fire alarm system until FMS identified CSMI as the manufacturer during discovery [*id.*; Doc. No. 29 at 3]. The Kizziahs argue the 90-day time frame for filing their amended complaint did not commence until the identity of CSMI was revealed in discovery responses served on September 3, 2004 [Doc. No. 29 at 1-3].

Assuming *arguendo* Tenn. Code Ann. § 20-1-119 applies, CSMI argues the Kizziahs did not file their amended complaint against CSMI within the required 90-day period provided for by Tenn. Code Ann. § 20-1-119 [Doc. No. 32-1 at 1]. CSMI further argues case law does not support the Kizziahs' contention that the 90-day time limit of Tenn. Code Ann. § 20-1-119 does not begin to run until the Kizziahs discovered the true identity of CSMI in discovery [*id.* at 1-3].

### A.     **Standard of Review**

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of

evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

**B.** **<u>Analysis</u>**

Because this court's jurisdiction over this action is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, this court must apply the substantive law of the State of Tennessee, the state in which this court is situated. *Erie Railroad v. Tompkins*, 304 U.S. 64 (1958); *Mayes v. Gordon*, 536 F. Supp. 2, 5 (E.D. of Tenn. 1980). However, the question of whether an amendment to a complaint "relates back to the date of the original complaint is a question of federal procedure not controlled by state law even in a diversity case." *Simmons v. South Cent. Scarcer's, Inc.*, 936 F.2d 268, 270 (6th Cir. 1991) (per curiam). "Relation back of amendments of pleadings is governed by Fed. R. Civ. P. 15(c)." *Taylor v. American Tobacco Co., Inc.*, 983 F. Supp. 686, 688 (E.D. Mich. 1997).

Fed R. Civ. P. 15(c) provides:

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

>**(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or

>**(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

>**(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by

-8-

> amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. . . .

Fed. R. Civ. P. 15(c) (West 2005).

The court has set forth the following four requirements that must be satisfied in order for an amendment adding a new party to relate back under Rule 15(c):

> "Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period . . . ."

*Simmons*, 936 F.2d at 270 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). The Supreme Court in *Schiavone* went on to emphasize that "the linchpin [of relation back] is notice, and notice within the limitations period." *Schiavone*, 477 U.S. at 31.

In this instance, the Kizziahs' amended complaint does not change or add any claims to this action, it merely adds additional parties against whom some of the claims already set forth in their original complaint are asserted. Hence, Fed. R. Civ. P. 15(c)(2) does not apply to this action. *Oros v. Hull & Associates*, 217 F.R.D. 401, 403 (N.D. Ohio 2003).

Furthermore, the Kizziahs' amended complaint will not relate back under Fed. R. Civ. P. 15(c)(3) because the notice component which applies to the second and third requirements of Rule 15(c) is not satisfied. Under Rule 15(c)(3), an amended complaint does not relate back unless the requirements of Rule 15(c)(2) are met and, within the time period provided by Fed. R. Civ. P. 4(m) for service of process, the party to be added by the amendment "(A) has received such notice of the

institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party." *Oros*, 217 F.R.D. at 403-04 (quoting Fed. R. Civ. P. 15(c)(3)).

Fed. R. Civ. P. 4(m) provides that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the original complaint. Attached to CSMI's motion for a partial summary judgment is the Declaration of Andrew L. Clarke, which is dated November 18, 2005 [Doc. No. 25, Exhibit B]. Andrew L.Clarke is the "Vice President of Sales for defendant Clarke's Sheet Metal, Inc. and Vice President of defendant Clarke's Allied, Inc." [*id.* at ¶ 2]. Andrew Clarke's declaration states in pertinent part that "[t]he first notice to Clarke's Sheet Metal, Inc. or Clark's Allied Inc. of the Complaint filed by the [Kizziahs] on or about May 5, 2004 was when Clarke's received a copy of the Amended Complaint on October 29, 2004." [*id.* at ¶ 3].

The Kizziahs filed their original complaint on May 5, 2004. Under Fed. R. Civ. P. 6, which governs the computation of time, 120 days from the date the Kizziahs filed their original complaint is September 2, 2004. The Kizziahs did not file their amended complaint until October 21, 2004; and, according to the Declaration of Andrew L. Clarke, CSMI did not receive a copy of the complaint until October 29, 2004. The Kizziahs have not presented any evidence contradicting the statement in Andrew L. Clarke's Declaration that CSMI had no notice of the Kizziahs' suit prior to the Rule 4(m) notice date. Further, there is not a scintilla of evidence CSMI knew or should have known that but for a mistake it would have been named as a party to the original complaint. Therefore, the Kizziahs' complaint cannot relate back to the date of the filing of their original complaint under Fed. R. Civ. P. 15(c)(3).

-10-

The Kizziahs' amended complaint also does not relate back under Fed. R. Civ. P. 15(c)(1). An amended complaint relates back to the date of the original complaint under Rule 15(c)(1) when "relation back is permitted by the law that provides the statute of limitations applicable to the action" Fed. R. Civ. P. 15(c)(1). In their response to CSMI's motion for a partial summary judgment, the Kizziahs have not challenged CSMI's assertion that Tenn. Code Ann. § 28-3-104(a)(1) provides the statute of limitations which is applicable to the Kizziahs' claims of negligence, misrepresentation, and negligence *per se* against CSMI. Tenn. Code Ann. § 28-3-104(a)(1) states in pertinent part that actions for injuries to the person "shall be commenced within one (1) year after the cause of action accrued." Further, Tenn Code Ann. § 28-3-104(b)(1) states that in products liability cases "the cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product."

Suit was filed against CSMI more than one year after the cause of action accrued, but the Kizziahs assert their amended complaint against CSMI is rendered timely by Tenn. Code Ann. § 20-1-119, which states in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person . . .

-11-

> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations.

Tenn. Code Ann. § 20-1-119 (West 2005).

Tenn. Code Ann. § 20-1-119 was enacted by the Tennessee General Assembly in response to the Tennessee Supreme Court's abolition of the doctrine of joint and several liability and the imposition of a comparative fault scheme. *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 452 (Tenn. Ct. App. 2001). The "statute is intended to provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries." *Id.* Section 20-1-119 "allows a plaintiff a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired." *Id.* (citing *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 427 (Tenn. 1986)). Further, the statute

> makes no reference to a plaintiff's diligence in discovering the identity of potentially liable parties. The statute provides a plaintiff with a ninety-day window within which to assert a claim against a comparative tort-feasor as long as two conditions are met. The first condition is that one of the defendants must name the comparative tort-feasor as one who "caused or contributed to the injury or damage for which the plaintiff seeks recovery." The second condition is that the named comparative tort-feasor is "not a party to the suit."

*Id.* at 452-53.

In *Soper v. Wal-Mart Stores, Inc.*, 923 F. Supp. 1032, 1035 (M.D. Tenn. 1996), the plaintiff filed an action in the Rutherford Count Circuit Court against Wal-Mart alleging negligence. Wal-Mart removed the action to federal court under 28 U.S.C. § 1332; and, on March 15, 1995, filed an answer to the plaintiff's complaint asserting a comparative fault defense; namely, that the "plaintiff's

-12-

damages 'are the proximate result' of his negligence as well as the 'negligence and/or intentional misconduct of a third party over whom [Wal-Mart] had no control.'" *Id.* Subsequently, the district court directed Wal-Mart to disclose the identity of the third-party referred to in its answer; and, on May 25, 1995, Wal-Mart's counsel sent a letter to the plaintiff's counsel identifying Orkin Exterminating Company as the unnamed third party tortfeasor. *Id.* On September 6, 1995, the plaintiff filed a motion to amend his complaint which was granted on October 16, 1995. *Id.* Plaintiff filed his amended complaint on October 25, 1995, adding Orkin as a defendant. *Id.*

Orkin filed a motion to dismiss asserting that the plaintiff's claim against it was not filed within the time provided by the applicable Tennessee statute of limitations. *Id.* Plaintiff responded his motion to amend was timely filed because Wal-Mart did not timely identify the third party allegedly comparatively responsible for his injuries and, thus, his claims against Orkin were timely filed under Tenn. Code Ann. § 20-1-119. The Court rejected plaintiff's contentions and granted Orkin's motion to dismiss stating:

> . . . while Tenn. Code Ann. § 20-1-119 revives the plaintiff's products liability claim, the revival is solely for the time provided by Section 20-1-119. Despite the disclosure of Orkin as a potential third party, the plaintiff failed to comply with Tenn. Code Ann. § 20-1-119 by failing to file his amended complaint within ninety (90) days of the naming of Orkin. . . .
>
>  . . .Wal-Mart's answer referring to third party liability was filed on March 15, 1995. Docket Entry No. 5 at 2. Thus, the plaintiff had ninety (90) days from that time, i.e. until June 14, 1995, to file his claim against Orkin. Although Orkin is not named in Wal-Mart's answer, Wal-Mart's allegations provided reasonable notice of a third party claim and, coupled with the available federal discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity and to amend his complaint to add Orkin within ninety (90) days of the filing of Wal-Mart's answer. However, the plaintiff's claim against Orkin was not filed until October 25, 1995, and therefore his claim is time-barred under Tennessee law.

-13-

*Id.* at 1035, 1038.

In *Romine v. Fernandez*, 124 S.W.3d 599, 600-601 (Tenn. Ct. App. 2003), the Romines sued Dr. John Morris alleging that following knee surgery on Mr. Romine, Dr. Morris negligently prescribed a drug known as Toradol, which resulted in Mr. Romine needing additional surgery for the peritonitis and perforated duodenal ulcer caused by the Toradol. On November 24, 1999, Dr. Morris filed a timely answer to the Romines' complaint stating that Mr. Romine was "administered Toradol . . . but not at Dr. Morris' order" and that "Dr. Morris has no knowledge of any act of medical negligence committed by any other defendant or third party in the care and treatment of the plaintiff . . . Dr. Morris invokes the doctrine of comparative fault . . . ." *Id..* at 601. On December 16, 1999, the Romines filed a motion to amend their complaint to add Dr. Jonathan Isom and Ms. Julia Fernandez, a certified registered nurse anesthetist, as defendants based upon Dr. Morris' answer to their complaint. *Id.* at 601. On January 12, 2000, the trial court granted the Romines' motion to amend their complaint and the Romines filed their amended complaint adding Dr. Isom and Ms. Fernandez as parties on February 10, 2000. *Id.* at 602.

Dr. Isom and Ms. Fernandez filed a motion to dismiss the claims against them on the grounds that the Romines' claims were time barred by the applicable statue of limitations. *Id.* The trial court denied the motion to dismiss. *Id.* On appeal, the Tennessee Court of Appeals upheld the trial court's denial of the motion to dismiss filed by Dr. Isom and Ms. Fernandez stating:

> the statements contained in Dr. Morris' answer were sufficient to put the Romines on notice that someone other than Dr. Morris administered the Toradol. Although Dr. Morris did not specifically state the names of Dr. Isom and Ms. Fernandez, Dr. Morris' answer provided "reasonable notice of a third party claim and, coupled with the available . . . discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity" and to amend their complaint to add Dr. Isom and Ms. Fernandez within the

-14-

> ninety (90) days following the filing of Dr. Morris' answer. *See Soper v. Wal-Mart Stores, Inc.*, 923 F. Supp. 1032, 1038 (1996). The Romines did file their amended complaint within ninety (90) days and as such, their claims against Dr. Isom and Ms. Fernandez were not time barred.

*Id.* at 604-605.

As noted, FMS filed its answer to the Kizziahs' complaint on July 14, 2004. As argued by the Kizziahs [Doc. No. 26-1 at 6] and construing the statute liberally, I find FMS' answer was sufficient to trigger Tenn. Code Ann. § 20-1-119, although FMS' answer did not identify CSMI as the manufacturer. The more significant inquiry in this case, however, is whether the amended complaint adding CSMI was filed within the required 90-day time frame after Tenn. Code Ann. § 20-1-119 was triggered.

In their supplemental response, the Kizziahs have relied on two cases as support for their contention the 90-day time frame provided for in Tenn. Code Ann. § 20-1-119 did not commence until the identity of the manufacturer, CSMI, was revealed when FMS filed its discovery responses [Doc. No. 29 at 1-3]. These two cases are *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785 (Tenn. 2000) and *Sutton v. Barnes*, 78 S.W.3d 908 (Tenn. Ct. App. 2002). Neither case supports the Kizziahs' position that the amended complaint was timely filed as to CSMI.

In *Brown*, the plaintiff sued Wal-Mart for injuries incurred when he slipped on ice and water spilled on the floor of one of Wal-Mart's stores. *Wal-Mart*, 12 S.W.3d at 785. Wal-Mart argued at trial that the jury should be allowed to consider the fault of an unidentified tortfeasor responsible for spilling the ice and water and the trial judge instructed the jury that it could do so. *Id.* The Tennessee Court of Appeals reversed finding "unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such person under Tenn. Code Ann. § 20-1-119, [a] trial

-15-

court should not permit the attribution of fault to the nonparty." *Id.* at 788. In this instance, however, within the 90-day period provided for in Tenn. Code Ann. § 20-1-119, CSMI was identified with sufficient particularity to allow the Kizziahs to plead and serve process on CSMI. The Kizziahs did not do so until after the 90-day period had run.

In support of their argument for application of the discovery rule, the Kizziahs rely upon *Sutton* in which plaintiffs sued various defendants alleging their home had been damaged as the result of blasting activity on adjacent property. *Sutton*, 78 S.W.3d 908. After discovery identified the Cocke County Highway Commission as the entity that had provided the explosives, the plaintiffs sought to add Cocke County and the Cocke County Highway Commission as defendants. *Id.* Cocke County filed a motion to dismiss alleging that the one-year statute of limitations set forth in the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-305(b), barred the plaintiff's claims against it. *Id.* at 911-12. On appeal, the Tennessee Court of Appeals upheld the dismissal of the plaintiff's claims against Cocke County. The *Sutton* court noted the GTLA is to be strictly construed because the waiver of sovereign immunity in the statute is ". . . narrowly confined in scope." *Id.* at 913. Further, the *Sutton* court held the provisions of Tenn. Code Ann. § 20-1-119 were not to be applied to cases arising under the GTLA, because application of Tenn. Code Ann. § 20-1-119 would have the effect of extending the limitations period set forth in the GTLA. *Id.* at 914. None of the Kizziahs' claims against CSMI arise under or are related to the GTLA, and *Sutton* is inapplicable here.

CSMI argues the filing of the amended complaint was not timely relying upon *Ward v. AMI SUB (SFH), Inc.*, 149 S.W.3d 35, 38 (Tenn. Ct. App. 2004), in which the court held the plain language of § 20-1-119 requires that, in order to add as a defendant a non-party against whom

comparative fault has been alleged by the defendant named in the original complaint, the plaintiff must amend the complaint *and* cause process to issue within 90 days. CSMI also relies upon *Nipper v. Axtrom Industries, Inc.*, 2005 WL 1046797, *2 (Tenn. Ct. App. May 4, 2005) in which the court stated "[t]he plain language of Tenn. Code Ann. § 20-1-119(a) requires that both the filing of the amended complaint and the issuance of process occur within ninety days of the filing of the amended answer."

After reviewing the applicable case law, I find the 90-day period of Tenn. Code Ann. § 20-1-119 began to run with the filing of FMS' answer on July 14, 2004, and the Kizziahs had 90-days from that date to file their amended complaint (and obtain service of process on CSMI), which they failed to do. *See Ward*, 149 S.W.3d at 38; *Nipper*, 2005 WL 1046797 at *2. When FMS asserted comparative fault in its answer to the complaint, which complaint alleged the manufacturer was liable to the Kizziahs, it was then incumbent upon the Kizziahs to conduct discovery or take other appropriate action to identify the alleged manufacturer and to file and serve a complaint or amended complaint within the 90-day time period. *Id.; see also Soper*, 923 F. Supp. at 1035, 1038; *Romine*, 124 S.W.3d at 604-05. On or about September 3, 2004, within the 90-day time period, FMS responded to the Kizziahs' discovery. The 90-day time period ended more than one month later on October 13, 2004. The Kizziahs did not file their amended complaint adding CSMI as defendants until October 21, 2004. Thus, the Kizziahs' claims of negligence, misrepresentation, and negligence *per se* against CSMI are barred by the applicable one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(a)(1).[3]

---

[3] The Court notes that the Kizziahs' amended complaint was filed while this action was still pending in the Rhea County Circuit Court. However, despite this, the relation back provision of Tenn. R. Civ. P. 15.03 cannot be applied to save the time-barred claims the Kizziahs have asserted

## IV. Conclusion

Accordingly, CSMI's motion for a partial summary judgment on the Kizziahs' causes of action against CSMI for negligence, misrepresentation, and negligence *per se* [Doc. No. 24] will be **GRANTED**.

A separate order will enter.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

against CSMI. *Townes*, 50 S.W.3d at 450. "The purpose of Tenn. R. Civ. P. 15.03 is to enable parties to correct the 'mislabeling of a party they intended to sue,' not to add a new party . . . ." *Id.* (quoting *Jackson-Madison County Gen. Hosp. Dist.*, 954 S.W.2d 36, 38 (Tenn. 1997)).

-18-